**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LATISHA M. SMITH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 13-1170** |
| | : | |
| **DRIVEHERE.COM, INC;** | : | |
| **PEOPLE'S COMMERCE, INC.** | : | |

**MEMORANDUM OPINION**

**Savage, J.** **October 7, 2014**

Seeking to vacate an arbitration award, plaintiff Latisha Smith contends that the arbitrator manifestly disregarded the law, denied her a full and fair hearing and rendered an award that was contrary to public policy.[1] There are no grounds to vacate the award. Therefore, the petition to vacate the arbitration award will be denied.

Smith initially asserted her claims in a complaint filed in this court.[2] After the defendants moved to dismiss the complaint on the ground that the parties had agreed to arbitrate any disputes, the parties agreed to submit the case to arbitration as provided in the lease agreement.[3] The arbitration clause states: "[a]ny claim or dispute, whether in contract, tort or otherwise (including the interpretation and scope of this clause and the arbitrability of any issue), between [plaintiff] and [defendants] . . . shall be resolved by neutral, binding arbitration and not by a court action." Additionally, it provides that "[a]ny

---

[1] Pl.'s Pet. to Vacate Arbitration Award and the Court's April 10, 2013 Order ("Pl.'s Pet.") ¶ 6 (Doc. No. 15).

[2] Compl. ¶ 2 (Doc. No. 1).

[3] Order (Doc. No. 14).

arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.)."[4]

In her complaint, Smith alleged that defendants had a fraudulent sales practice of leasing unsafe and overvalued vehicles to consumers.[5] She acquired a 2003 Ford Windstar van from the defendants, who represented that the vehicle was not damaged and had never been involved in an accident. In fact, the van had been in an accident in 2004 and had a distorted frame.[6] She contended that this misrepresentation violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[7] Smith also claimed that defendants violated the Truth-in-Lending Act ("TILA") by grossly overvaluing the van in the lease agreement.[8]

After a two-day hearing, the arbitrator awarded Smith damages, requiring the defendants to "reimburse [Smith] for her outlay relat[ing] to [the 2003 Windstar]."[9] The arbitrator explained that "[t]his limited award arises solely from the respondents' less-than-fully-honest response to the claimant's inquiries about the vehicle's history.[10] Smith's motion for reconsideration of the arbitrator's decision was denied.[11] Plaintiff now seeks vacatur pursuant to the Federal Arbitration Act and 42 Pa. Cons. Stat. Ann. §

---

[4] Compl., Ex. A (Motor Vehcile Lease Agreement) at 5,6.

[5] Compl. ¶¶ 16, 18, 75-83.

[6] *Id.* ¶¶ 8-12.

[7] *Id.* ¶ 100.

[8] *Id.* ¶¶ 14-16, 89-96

[9] Pl's Pet., Ex. 3 (Arbitration Decision and Award) at 6 (Doc. No. 15-4).

[10] *Id*.

[11] Pl's Pet., Ex. 4 (Pl's Mot. for Reconsideration) (Doc. No. 15-5), Ex. 5 (Ruling on Claimant's Mot. for Reconsideration (Doc. No. 15-6).

7341.[12]

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (2010), an arbitration award may be vacated only on the grounds prescribed in § 10, and may only be modified or corrected on the grounds listed in § 11. *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 572, 582 (2008). These statutory grounds are exclusive. *Id*. at 584.

An arbitration award may be vacated only where the party seeking to overturn the award establishes that the arbitrator engaged in fraud, "partiality or corruption," or procedural misconduct prejudicing the rights of a party, or exceeded her powers. 9 U.S.C. § 10. Smith does not assert any of these grounds. Instead, she argues that the arbitrator's decision evidences a manifest disregard of the law.[13]

Prior to *Hall Street*, the Third Circuit recognized a judicially-created basis for vacating an award if the award was made in "manifest disregard of the law." *Roadway Package Sys. v. Kayser*, 257 F.3d 287, 291 n. 2 (3d Cir. 2001). Since *Hall Street*, both the Supreme Court and the Third Circuit have declined to decide whether the "manifest disregard of the law" doctrine survived *Hall Street* as "an independent ground for review or as a judicial gloss on the enumerated grounds" in the FAA. *Stolt-Nielsen SA v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 672 n. 3 (2010); *CD & L Realty LLC v. Owens Illinois, Inc.*, 535 F. App'x 201, 205 n.3 (3d Cir. 2013); *Paul Green School of Rock Music Franchising LLC v. Smith*, 389 F. App'x 172, 176-77 (3d Cir. 2010).

---

[12] Pl.'s Pet. ¶ 6.

[13] *Id.*

Although Smith casts her ground for vacatur as manifest disregard of the law, she is actually complaining of legal error.[14] She challenges the arbitrator's rationale for her decision.[15] She complains that the arbitrator failed to decide her UTPCPL claim and failed to distinguish between a vehicle lease and installment sale when analyzing the evidence.[16] She points to nothing in the record to establish that the arbitrator deliberately disregarded what she knew to be the law when she determined that the transaction was a lease and not a sale. Rather, the arbitrator relied upon case law, applied it to the facts as she found them, and concluded that defendants' "business model is primarily about providing the use, rather than the possession and control, of driveable vehicles. This is the furthest type of transaction from a sale . . ."[17] To make this determination, the arbitrator's Decision and Award specifically references 69 Pa. Stat. Ann. § 603, 13 Pa. Cons. Stat. § 1201(b)(35)(iv), 13 Pa. Cons. Stat. § 1203 and *In re Smith*, 449 B.R. 35, 40 (Bankr. E.D. Pa. 2011).[18]

An arbitrator's factual or legal error does not supply a basis for vacating the award. *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2005). Even questionable factfinding will not permit a court to vacate an arbitrator's award. *Metromedia Energy, Inc. v. Enserch Energy Services, Inc.*, 409 F.3d 574, 578 (3d Cir. 2005). In short, the district court cannot vacate an arbitration award because it disagrees with the

[14] Importantly, Smith does not claim that the arbitrator exceeded her powers or engaged in procedural misconduct.

[15] Pl.'s Pet. ¶¶ 12-14, 24-27.

[16] *Id.* ¶¶ 13-23.

[17] Arbitration Decision and Award at 5.

[18] *Id*. at 3-5.

arbitrator's findings on the merits of the case or because it believes that the arbitrator made a factual or legal error.

Smith argues that the arbitrator applied the wrong law and misinterpreted the law. This argument is clearly a claim of legal error beyond judicial review.

Smith cites the Pennsylvania common law arbitration statute, 42 Pa. Const. Ann. §§ 7320, 7331 and 7342, in support of her argument that she was denied a fair hearing.[19] However, the Pennsylvania statute is not applicable in this case. When an arbitration clause is governed by the FAA, as it is here,[20] the plaintiff may only prevail in her motion to vacate the award by establishing one of the grounds provided in § 10. Judges may not rely on other grounds to vacate an arbitrator's decision. *Paul Green*, 389 F. App'x at 172, n. 5 (2010) (citing *Hall Street*, 552 U.S. at 580).

Smith's contention that she was denied a fair hearing may fall within § 10(a)(3), which provides misconduct of the arbitrator as a ground for vacatur. That subsection specifically permits vacatur when the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy." *Century Indemn. Co. v. Certain Underwriters at Lloyd's London*, 584 F.3d 513, 557 (3d Cir. 2009) (citing 9 U.S.C. § 10(a)(3)). Misconduct exists only where the petitioner "was deprived of a fundamentally fair hearing." *Teamsters Local 312 v. Matlack*, Inc., 118 F.3d 985, 995 (3d Cir. 1997)). In any event, Smith has not demonstrated that she was denied a fair hearing. She was given both notice and a full opportunity to be heard. *Id*. Smith was permitted to present her

---

[19] Pl.'s Pet. ¶¶ 6, 8-9, 27.

[20] *See* Motor Vehicle Lease Agreement at 6.

witnesses, fact and expert, as well as documentary evidence.[21]

Smith contends that the arbitrator did not decide her UTPCPL claim. However, in her decision, the arbitrator did discuss and consider that claim. The arbitrator found that the defendants "too breezily assured the claimant of the 2003 Windstar's condition, instead of honestly answering her questions about its accident history and providing a copy of that history.[22] This conclusion addresses plaintiff's claim under the UTPCPL that defendants violated the MVSFA, 69 Pa. Stat. Ann. §§ 610, 613-15 by "misrepresenting the prior accident history of the vehicle . . ."[23] Therefore, Smith was not denied a fair hearing. *See also Paul Green*, 389 F. App'x at 177 (rejecting plaintiff's argument that arbitrator failed to consider material claims because plaintiff had the opportunity to brief and present those claims).

Smith argues that denying her claim for attorney's fees was contrary to public policy. This is not a ground for setting aside an arbitration award set forth in § 10 of the FAA. A public policy argument may be applicable in the context of a collective bargaining agreement where a court may vacate an arbitration award to preclude enforcement of a collective bargaining agreement if the arbitrator's interpretation offends a well-defined and dominant public policy. *Exxon Shipping Co. v. Exxon Seamen's Union*, 73 F.3d 1287, 1291 (3d Cir. 1996) (applying *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 766 (1983)). *See also Hartford Ins. Co. of Midwest v. Green*, 134 F. App'x 555, 557 (3d Cir. 2005) (noting arbitration awards allegedly contrary to public policy are not reviewable by courts). That is not the case here.

---

[21] Def.'s Reply to Pl.'s Motion to Vacate Arbitration Award at 7 (Doc. No. 16).

[22] Arbitration Decision and Award at 6.

[23] Compl. ¶ 98.

In conclusion, the plaintiff has not established any ground justifying vacatur. Therefore, because there is no basis to disturb the arbitrator's award, the motion to vacate the arbitration award will be denied.